C. J. ELLER, Petitioner, v. MUNICIPAL COURT of Des Moines et al., Respondents.

No. 44392.

SEPTEMBER 27, 1938.

A. J. Myers, for petitioner.

Parrish, Guthrie, Colflesh & O'Brien, for respondents.

SAGER, C. J.—On November 12, 1937, a verdict was returned in favor of the plaintiff in an action pending in the municipal court. On the same day there was entered an order granting the defendant thirty days in which to file motion for a new trial, exceptions to instructions, and for judgment *non obstante veredicto*. On the 16th day of November, 1937, the plaintiff made a motion for judgment on the verdict, which was duly sustained and judgment entered. On the same day another order was entered granting defendant thirty days in which to file motion for a new trial and exceptions to instructions. Later, and before the thirty days had expired, defendant asked for and was granted six additional days in which to file motion for a new trial and exceptions to instructions and judgment *non obstante*.

Petitioner contends that these orders were beyond the jurisdiction of the municipal court, and hence null and void. Petitioner has filed various motions to strike and expunge these orders.

The question before us is: Did the municipal court have jurisdiction to extend the time as was done herein? The answer is found in the various legislative enactments covering the practice in municipal courts.

The municipal court became a part of our judicial structure by an act of the Thirty-sixth General Assembly, ch. 106, which became effective on July 4, 1915. That enactment, among other things, is as follows:

"There shall be no terms of court and the court shall be open for business twelve months of the year, and there shall always be at least one judge present each day to hold court and to issue such writs and orders as are required. Provided, however, that if it shall be necessary to appoint another judge to act during any absence, that such judge so appointed shall receive as compensation for his services so rendered a sum equal to the salary of the regular judge and payable in the same manner. Grounds for, and the practice governing the correction, vacation, or modification of final judgment or order of said court, and the granting of new trial, shall be the same, so far as may be, as in the district court; and the jurisdiction of said court shall be considered as retained by it for correction of errors of the court, or in the record, for a period of ten days following the entry of final judgment, except that execution may issue upon the entry of final judgment unless stayed by order of court for a period not exceeding such ten days, or by appeal perfected by notice and supersedeas." Section 17.

This statute re-appeared in the same language in the 1915 Supplemental Supplement to the Code, as section 694-c17.

Chapter 106 of the Acts of the Thirty-sixth General Assembly was amended by section 1, ch. 75, Acts of the Thirty-seventh General Assembly, effective July 4, 1917. This amendment, so far as material to this controversy, reads:

"That section six hundred ninety-four-c-seventeen (694-c-17), supplemental supplement to the Code, 1915, be and the same is hereby amended by adding thereto the following:

"Default or judgment thereon may be set aside in the same manner and upon the same terms as is now or may hereafter be provided for setting aside defaults in the district court. Application therefor must be made within ten days from the day on which default or judgment was entered, providing, however, that within one year from the rendition of final judgment proceedings may be brought to reverse, vacate or modify the same, as provided in chapter 1, title XX, of the Code, for vacating or modifying final judgment or order of the district court."

The foregoing enactments appear in the Code of 1924 as sections 10663, 10664, and 10681. Section 10681 was, in all its

terms, an enactment of the Fortieth Extra General Assembly, H. F. 220, section 39. It is to be observed, also, that Code section 10681 makes very decided changes in the existing law. Theretofore defaults and judgments could be set aside in the municipal court in the same manner as might be done in the district court. And the municipal court had all the powers of that court, including jurisdiction for one year in which to reverse, vacate, or modify judgments, as provided by ch. 1, Title XX, Code 1897, §4091 et seq. (now ch. 552, Code 1935, §12787 et seq.).

Inquiry naturally arises as to the reason for the legislative changes shown above. The history of other and related statutes gives the answer.

Section 20 of ch. 106, Acts of the Thirty-sixth General Assembly, provides:

"All statutes governing the district court as to pleading and practice, parties, evidence, commencement of actions, jurisdiction, process, modes of trial, judgment, execution, attachment, garnishment, replevin and limitation of actions, shall apply to and govern the municipal court except when the same are inconsistent with the provisions of this act."

This section appears to the same effect, though in somewhat different language, as section 10664, Code 1935.

During all the time the foregoing legislation was operative there was in effect section 3790 of Code 1897, now section 11589, Code 1935. This reads:

"Default may be set aside on such terms as to the court may seem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits is filed, and a reasonable excuse shown for having made such default, nor unless application therefor is made at the term in which default was entered, or if entered in vacation, then on the first day of the succeeding term."

There were also in effect Code 1897, sections 243 and 244 (now sections 10801 and 10803, Code 1935). These read:

"10801. * * * The record aforesaid is under the control of the court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or

before it is signed by the judge."

"10803. * * * Entries made and signed at a previous term can be altered only to correct an evident mistake."

From a reading of these various enactments it is apparent that Code sections 3790, 243, and 244, Code 1897, were not workable as applied to the municipal court where there were no terms to fix the time various record entries should be made to correct errors, or to vacate, modify, or expunge judgments. It seems to follow that the amendments which have been made to the original municipal court enactment were intended to deal solely with the correction, vacation, or modification of judgments, defaults, and corrections of the record. In the years since the original enactment of the municipal court statute, the provisions with reference to other procedural matters have been left unchanged. Nor have we ever held that the practice, other than with reference to defaults and judgments, was different than in the district court. In fact, the question has never been raised. We do not overlook the cases in petitioner's brief, nor some not cited by the parties. All deal with judgments or defaults.

An analysis of the statutes here involved, the changes appearing in the acts of different legislatures, and the various Codes, impels us to the conclusion that the rulings of the municipal court complained of were within its jurisdiction. Whether they were right or wrong is beside the point. Having the jurisdiction to decide, it had the power to decide wrongly as well as rightly. If wrong, the remedy is by appeal and not certiorari.

The motion to strike, filed by petitioner, is overruled.

Finding that the trial court acted within its jurisdiction, its rulings are sustained.—Writ annulled.

HAMILTON, DONEGAN, KINTZINGER, MITCHELL, ANDERSON, and STIGER, JJ., concur.